UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HASSAN JAMES,

                                Petitioner,

                      v.                                9:09-CV-00741 (LEK)

DEBORAH G. SCHULT,
Warden, FCI-Ray Brook,

                                Respondent.

**APPEARANCES:**

HASSAN JAMES
Petitioner, *pro se*
24156-050
Ray Brook Federal Correctional Institution
P.O. Box 300
Ray Brook, New York 12977

LAWRENCE E. KAHN
UNITED STATES DISTRICT JUDGE

## DECISION AND ORDER

The Clerk has sent to the Court for review a Petition for a writ of habeas corpus brought by Hassan James ("Petitioner") pursuant to 28 U.S.C. § 2241 and an application for bail pending the resolution of his habeas Petition. See Dkt. No. 1.[1] Petitioner is a federal prisoner confined at the Ray Brook Federal Correctional Institution and has paid the required statutory filing fee.

**I.    BACKGROUND**

In his Petition, Petitioner challenges a December 11, 2008 judgment of conviction in the United States District Court for the Eastern District of Pennsylvania following his guilty plea to a

---

[1] Petitioner's "Verified Petition For Bail Pending Habeas Corpus Review" is incorporated into his Petition at pages 12-13. Dkt. No. 1.

five-count indictment charging him with aiding and abetting the transportation of stolen goods (18 U.S.C. § 2314), aiding and abetting wire fraud (18 U.S.C. § 1343), aggravated identity theft (two counts) (18 U.S.C. § 1028A(a)(1), (c)(4), (5)), and identity document fraud (18 U.S.C. § 1028(a)(3), (c)(3)(A)).  United States v. James, No. 2:08-CR-00195-1 (Dkt. Nos. 16 [Plea, 4/17/08]; 33 [Judgment, 12/11/08]).  Petitioner was sentenced to serve an aggregate term of eighty-four months in prison.  Id. at Dkt. No. 33.

Petitioner appealed his conviction.  United States v. James, No. 08-4860 (3rd Cir., Notice of Appeal filed 12/16/08).  In a letter filed May 11, 2009, Petitioner's counsel informed the Third Circuit Court of Appeals that she would be filing a motion for voluntary dismissal of the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.  Id.  Counsel attached an unsigned copy of the Motion to her letter.  Id.  Counsel indicated that once she received the original, signed copy of the Motion from Petitioner, it would be filed with the Court.  Id.  In the unsigned Motion, counsel indicates that she and Petitioner have "concluded that no relief can be obtained by proceeding with the appeal."  Id. at Motion, ¶ 3.

In his Petition before this Court, Petitioner appears to be arguing that the federal government lacked jurisdiction to prosecute him, and that the District Court for the Eastern District of Pennsylvania lacked jurisdiction to sentence him.  Specifically, Petitioner states that the federal government should not have adopted criminal cases brought against him in various Pennsylvania state courts because doing so was in "direct contravention" of both state and federal law.  See Dkt. No. 1 at 3.  Petitioner claims that "no acts of cession have been granted by Pennsylvania to the United States regarding the geographical area wherein the alleged offenses" took place.  Id. at 5.  Petitioner further states that his commitment to the Ray Brook Federal Correctional Institution is an

"extrajudicial act" by the District Court for the Eastern District of Pennsylvania "which was without a grant of legal or lawful authority[.]" Id. at 3-4. Petitioner claims that the District Court invoked jurisdiction over him pursuant to 18 U.S.C. § 3231, which he claims was not enacted into "positive law." Id. at 4-8. Thus, according to Petitioner, all actions taken against him by the District Court for the Eastern District of Pennsylvania are null and void. Id. at 4, 7.

## II.    DISCUSSION

Depending on the circumstances, a federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. See 28 U.S.C. § 2255; Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence. Adams, 372 F.3d at 134; McQueen v. Shult, No. 08-CV-903, 2008 WL 4757356, at *2 (N.D.N.Y. Oct. 28, 2008) (Sharpe, J. adopting Report-Recommendation by Lowe, M.J.). A motion pursuant to section 2255 must be brought in the sentencing court. See Boumediene v. Bush, 128 S. Ct. 2229, 2264 (2008) (noting that the "purpose and effect" of section 2255 was to make post-conviction proceedings for federal prisoners more efficient by directing claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); Williams v. Winn, No. 05 Civ. 40100, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) (since "Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. Adams, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241

petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003); Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).  Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement.  28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under section 2241 if he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. §2255(e); Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003); Triestman v. United States, 124 F.3d 361 (2d Cir. 1997).  The Second Circuit discussed this "savings clause" provision at length in Triestman and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it."  Triestman, 124 F.3d at 378 (citations omitted).  The Court of Appeals for the Second Circuit has found that section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time."  Cephas, 328 F.3d at 104 (internal quotation marks omitted) (quoting Triestman, 124 F.3d at 363); see Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003).  If a prisoner cannot make this showing, section 2241 cannot be invoked, and the petition must either be re-cast as a section 2255 motion, or dismissed.  Cephas, 328 F.3d at 104.

The fact that Petitioner has invoked section 2241 does not require the Court to so construe it.  Rather, "'it is the substance of the petition, rather than its form, that' governs."  Cook, 321 F.3d at 278 (quoting James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)).  The gravamen of the Petition

4

before this Court is that Petitioner's conviction is unlawful because the federal government, including the District Court of the Eastern District of Pennsylvania, lacked jurisdiction over him. Dkt. No. 1. Thus, it is clear that Petitioner is challenging the imposition of his sentence, rather than its execution. See 28 U.S.C. § 2255(a) (a federal prisoner may challenge his or her conviction on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence[.]"). His Petition should therefore have been brought in the district court that sentenced him. Boumediene, 128 S. Ct. at 2264; Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2001); Williams, 2005 WL 1541099, at *1.

Petitioner's section 2241 Petition must therefore be dismissed unless he can demonstrate that a remedy under section 2255 is inadequate or ineffective. The savings clause applies in relatively rare cases, and Petitioner "not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is 'prov[able] . . . on the existing record,' and (b) 'could not have effectively [been] raised . . . at an earlier time.'" Poindexter, 333 F.3d at 378 (quoting Triestman, 124 F.3d at 363). Petitioner has failed to meet this burden.

Petitioner has offered nothing to demonstrate that a motion under section 2255 would be inadequate or ineffective to obtain the relief he seeks. Petitioner has not filed a motion pursuant to section 2255 to vacate, set aside or correct his sentence in the Eastern District of Pennsylvania, and it appears that he may still file a timely motion in that court.[2] Section 2255 is therefore not

---

[2] A section 2255 motion is subject to a 1-year period of limitation that runs from the latest of

>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme

5

"procedurally unavailable" to Petitioner.  He has also failed to show that he could not have raised his claims earlier on appeal.  See Cephas, 328 F.3d at 105 ("[W]here . . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").  Finally, Petitioner makes no claim of actual innocence, which is generally required to establish that a motion under section 2255 would be inadequate or ineffective to test the legality of his detention.  See Bellomo v. United States, 344 F. Supp. 2d 429, 434 (S.D.N.Y. 2004) (citing Cephas, 328 F.3d at 104).

Thus, the section 2255 savings clause does not apply here and this Court lacks jurisdiction to entertain Petitioner's section 2241 Petition in which he challenges the imposition of his sentence. See Bell v. United States, No. 08-CV-0215, 2008 WL 1946035, at *2 (N.D.N.Y. Apr. 29, 2008) (Scullin, J., adopting Report-Recommendation of Lowe, M.J.) (dismissing habeas petition brought pursuant to 28 U.S.C. § 2241 where the petitioner was not sentenced or incarcerated in the Northern District of New York); Wongus v. Craig, No. 06-CV-0618, 2006 WL 2862219, at *2 (N.D.N.Y. Oct. 5, 2006) (Sharpe, J.) (dismissing § 2241 petition because petitioner "set forth nothing to demonstrate that he is actually innocent of the acts which he claims were used to enhance his sentence"); Commodore v. Willingham, No. 05-CV-841, 2005 WL 3465855, at *3 (D. Conn. Dec. 8, 2005) ("Commodore does not deny committing the crime of which she was convicted.  Rather she

---

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(1)-(4).

challenges the enhancement of her sentence under the Sentencing Guidelines.  Thus, even if the court were to determine that § 2255 was 'unavailable,' Commodore would not satisfy the Triestman standard. Thus, Commodore's claim does not involve 'constitutional errors' that must be heard under § 2241.").[3]  Therefore, Petitioner's habeas petition is dismissed.  See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer [under 28 U.S.C. § 1406(a) ] is appropriate lies within the sound discretion of the district court.") (citation omitted).

### III.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that Petitioner's "Verified Petition For Bail Pending Habeas Corpus Review" (Dkt. No. 1 at 12-13) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk of the Court file judgment accordingly and serve a copy of this Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 07, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3] Even if Petitioner had successfully invoked the savings clause, it is not clear that venue in this District would be appropriate because, as noted, Petitioner's claim is a challenge to the validity of his conviction, which is properly brought only in the sentencing court.